# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID Nos. 2008008165 and |
| | ) | 2008008210 |
| AMEER DUNN and JAHEIM | ) | |
| HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Submitted: May 27, 2021
Decided: June 15, 2021

*Upon Defendant Ameer Dunn's Motion to Transfer Charges to Family Court*,
**DENIED.**

Erika Flaschner, Esquire, and Christina Ruggiero, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware. *Attorneys for the State.*

Monika Germono, Esquire, and Meghan Crist, Esquire, Assistant Public Defenders, Office of Defense Services, Wilmington, Delaware. *Attorneys for Defendant Ameer Dunn.*

**MEDINILLA, J.**

## I.    INTRODUCTION

Defendants Ameer Dunn and Jaheim Hamilton, ages 17 and 16[1] seek to transfer their charges to Family Court under 10 *Del. C.* § 1011. They stand accused of Theft of a Motor Vehicle, two counts of Attempted Assault First Degree, five counts of Reckless Endangering First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy Second Degree, and Possession or Control of a Firearm by a Prohibited Juvenile.

After both defendants sought a preliminary determination as to whether the State had carried its respective burdens of proof to try them as adults, the Court determined in Part I of the Reverse Amenability hearing that the State established its *prima facie* case against both Defendants to support a fair likelihood of conviction under a theory of accomplice liability.[2] Though the State failed to establish its burden under 11 *Del. C.* § 1447A(f) to mandate Defendants be tried as adults for the firearm charges, the Court determined that it may exercise its discretion and determine whether to retain jurisdiction.[3]

---

[1] Ameer Dunn's date of birth is October 14, 2002; Jaheim Hamilton's date of birth is October 10, 2003.

[2] *See* Memorandum Opinion, *State of Delaware v. Ameer Dunn*, Crim. ID. No. 2008008165, D.I. 17, at 9 (Del. Super. Ct. Apr. 15, 2021).

[3] *Id.* at 14-15.

Accordingly, the Court held part II of the bifurcated hearing for Defendant Dunn on May 25, 2021. The factual and procedural history will not be reiterated.[4] The Court now considers whether Defendant Dunn is amenable to the rehabilitative processes of the Family Court[5] and weighs the four factors set forth in 10 *Del. C.* § 1011(b).[6]

## II. DISCUSSION

### A.  Section 1011(b) Factor One: Nature of Present Offense and the Extent and Nature of Defendant's Prior Record

The first § 1011(b) factor focuses on the nature of the present offense. The evidence against Defendant for the offense of Theft of a Motor Vehicle is strong and his behavior with co-defendant Hamilton demonstrates a conscious decision to steal a vehicle where at least one of the defendants possessed a firearm while so doing. Furthermore, Defendant's past criminal record is lengthy. He was adjudicated delinquent on three prior occasions which included various thefts of motor vehicles.[7]

---

[4] For a recitation of the facts, *see* Memorandum Opinion, *State of Delaware v. Ameer Dunn*, Crim. I.D. No. 2008008165, D.I. 17, at 3-7 (Del. Super. Ct. Apr. 15, 2021).

[5] *See generally* 10 *Del. C.* §§ 1010-11 (2013 & Supp. 2016). *See Hughes v. State*, 653 A.2d 241, 249 (Del. 1994) (quoting *Marine v. State*, 624 A.2d 1181, 1184 (Del. 1993); *Marine v. State*, 607 A.2d 1185, 1209 (Del. 1992)).

[6] *See, e.g., State v. Harper*, 2014 WL 1303012, at *5-7 (Del. Super. Mar. 31, 2014); *see also* 10 *Del. C.* § 1011(b) (stating that the Court may consider evidence of: (1) "[t]he nature of the present offense and the extent and nature of the defendant's prior record, if any;" (2) "[t]he nature of past treatment and rehabilitative efforts and the nature of defendant's response thereto, if any;" (3) "[w]hether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court[;]" and (4) any "other factors which, in the judgment of the Court are deemed relevant.").

[7] According to the DELJIS charge summary provided in Dr. Thompson's psychological evaluation dated May 18, 202 and the Reverse Amenability Report from DSCYF, Defendant became involved

The most recent arrest in August of 2020 that led to the current charges occurred only two weeks from his release from the Ferris School in July of 2020. As to both prongs, this factor weighs against transfer.

**B.  Section 1011(b) Factor Two: Nature of Past Treatment and Defendant's Response**

Defendant's lengthy and varied criminal history demonstrates that numerous attempts at supervision and rehabilitative efforts have failed. Robert G. Thompson, Psy.D. testified on behalf of Defendant. Navigating through his seventeen-page report, he opined that Defendant should remain in the Family Court with "favorable prognosis for change."[8] This opinion was based on examinations conducted on December 20, 2020, and February 25, 2021, and without jurisdictional or legal considerations of his charges.

By contrast, Master Family Service Specialist Alexandra Blasi and Supervisor George Chakar of DSCYF submitted their report that recommends these charges remain in this Court.[9] They did take into consideration that services cannot be provided past age 19. They noted that Defendant was placed on Pre-trial supervision

---

with YRS following an arrest on April 4, 2017. His first felony adjudication was after an arrest that occurred on February 4, 2019, for Theft of a Motor Vehicle, with a second felony for providing false statements, and a third felony adjudication was secondary to a January 23, 2020, arrest, where he was charged with Possession, Purchase, Ownership or Control of a Firearm by a Prohibited Juvenile (2 counts), to which he pled guilty to one charge.

[8] *See* Forensic Psychological Report, *State of Delaware v. Ameer Dunn*, Crim. I.D. No. 2008008165, D.I. 15, at 17 (Del. Super. Ct. May 18, 2021).

[9] *See* DSCYF Reverse Amenability Report, Exhibit 8, at 7.

4

in 2017, completed community supervision but incurred new chares while on supervision. He also was placed in a non-secured detention but escaped. Despite efforts after he violated the conditions of his probation, and placement at Level IV, he was shot two weeks after and charged with a firearm charge less than a month after his release from Level IV.

At age 18.6 months, at the time of the report, Defendant has failed to comply with terms of community supervision. YRS recommends Defendant be found non-amenable and remain in this Court. This Court agrees. YRS can provide only limited services. This factor weighs against transfer.

C.     **Section 1011(b) Factor Three: Interests of Society and Defendant**

After multiple rehabilitative efforts and services, Defendant's violent behavior has escalated despite efforts from YRS and the Family Court. The various youth programs have not worked. Lesser sanctions through Family Court have also failed. The Court finds that the interests of society and Defendant weigh against a transfer.[10]

---

[10] The fourth factor of § 1011(b)—other relevant factors the Court deems relevant—has been sufficiently addressed in the other § 1011(b) factors such that the Court need not explicitly address this factor in this ruling.

## CONCLUSION

Under § 1011(b), the Court finds that all factors weigh against transfer. For the reasons stated above, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:     Prothonotary
cc:     Defendant